## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **ROY L. ANDES, ADMINSTRATOR OF THE ESTATE OF MARIANNE McKAY ANDES, DECEASED,** | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19CV00005 |
| v. | ) ) | **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) ) | |

*Mark T. Hurt, THE LAW OFFICES OF MARK T. HURT, Abingdon, Virginia, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for United States.*

This Federal Tort Claims Act ("FTCA") case alleges that a doctor employed by a federally funded community-based outpatient clinic and two technologists employed by the U.S. Department of Veterans Affairs committed medical malpractice and battery while treating the late Marianne McKay Andes in Virginia and Tennessee.  The decedent's widower and administrator of her estate, Roy L. Andes, initially filed this case pro se.[1]  On the government's motion, I previously

---

[1]  When first proceeding pro se, Mr. Andes named himself as a plaintiff, along with the estate of Mrs. Andes.  Mr. Andes has submitted documentation that he has duly qualified as the administrator of the estate of his deceased spouse.  Accordingly, I will direct that the proper plaintiff be substituted as shown by the present heading of this Opinion and Order.  *See* Va. Code Ann. § 8.01-50.

dismissed the Tennessee medical malpractice claim because no certificate of good faith was attached to the Complaint as required by Tennessee statute, T.C.A. § 29-26-122.

Following that decision, the plaintiff obtained counsel. The plaintiff now moves for reconsideration of my dismissal of the Tennessee medical malpractice claim based on *Gallivan v. United States*, 943 F.3d. 291 (6th Cir. 2019), a decision issued after my ruling, and *Shady Grove Orthopedic Assocs. P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), a decision that predated my ruling but that I did not previously consider and that neither party raised.

In addition, the United States has moved to dismiss the plaintiff's medical malpractice claim under Virginia law based on the plaintiff's failure to obtain an opinion of a certifying expert as of the time service of process was requested, as required by a Virginia statute. The United States has also moved to dismiss the plaintiff's battery claims for failure to state claims on which relief can be granted. In support of the latter motion, the United States has submitted evidence outside the Complaint. The motion to dismiss is styled as a motion for summary judgment in the alternative, and the plaintiff has requested the opportunity to conduct discovery before the court rules on that motion.

All pending motions have been fully briefed and orally argued. For the reasons that follow, I will grant the plaintiff's Motion for Reconsideration and vacate

my dismissal of the plaintiff's Tennessee-based medical malpractice claim. I will deny the United States' motion to dismiss the Virginia-based medical malpractice claim. I will further deny the United States' motion to dismiss the battery claims and will defer ruling on any motions for summary judgment until after the close of discovery.

## I. BACKGROUND.

The facts alleged in the Complaint are set forth in my earlier decision, *Andes Estate v. United States*, No. 1:19CV00005, 2019 WL 3557885 (W.D. Va. Aug. 5, 2019), and I do not repeat them in detail here. Briefly, the Complaint as amended alleges that FTCA-covered medical personnel ordered for Mrs. Andes in Virginia and performed in Tennessee on Mrs. Andes a magnetic resonance imaging ("MRI") with contrast, even though they had knowledge that the contrast medium, gadolinium, was dangerous in light of her specific health conditions and that she did not consent to an MRI with contrast. She died seven months later, allegedly due to complications caused by her body's inability to eliminate the gadolinium.

## II. MOTION FOR RECONSIDERATION.

### A.

Federal Rule of Civil Procedure 54(b) provides,

> When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision,

> however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light."  *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).  Nevertheless, a court's discretion to reconsider an interlocutory order is not without limit.  "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'"  *Id.* (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)).

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable

to the plaintiff.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).  A complaint must have more than labels and conclusions or a recitation of the elements of the cause of action, but it does not need detailed factual allegations to survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

B.

Federal courts do not have jurisdiction over actions against the United States unless Congress has expressly waived the United States' sovereign immunity.  *See United States v. Sherwood*, 312 U.S. 584, 586–87 (1941).  The FTCA waives the United States' sovereign immunity and makes the government liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The government's liability is to be determined "in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Thus, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred."  *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).

The plaintiff has alleged negligent acts by MRI Technologists Kristin Street and Kayla Rosenbaum, which occurred in Tennessee.  Tennessee substantive law governs these claims.  In Tennessee, civil actions alleging that a health care provider caused an injury while providing or failing to provide health care services are

governed by the Tennessee Health Care Liability Act ("THCLA"), T.C.A. §§ 29-26-101, 29-26-115.   Under the THCLA, to prevail on such a claim, plaintiffs must prove:

> (1)    The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2)    That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3)    As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

T.C.A. § 29-26-115(a).

In addition, Tennessee law provides that in any medical malpractice action in which expert testimony is required, plaintiffs must file a certificate of good faith with their complaint.[2]  T.C.A. § 29-26-122.  The Supreme Court of Tennessee has held that "[i]n health care liability actions, such as this one, expert proof is required to establish the recognized standard of acceptable professional practice in the profession, unless the claim falls within the 'common knowledge' exception." *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015).   The common

---

[2]  This certificate of good faith must state that the plaintiff has consulted with one or more experts who have provided a signed written statement confirming that they are competent to express an opinion in the case and that they believe there is a good faith basis to maintain the action.  T.C.A. § 29-26-122(a).

knowledge exception typically applies in cases of "unusual injuries such as a sponge or needle being left in the patient's abdomen following surgery or where the patient's eye is cut during the performance of an appendectomy." *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). I have held that the plaintiff's Tennessee medical malpractice claims "do not fall within the common knowledge exception to the general requirement of expert proof in health care liability actions." *Andes Estate*, 2019 WL 3557885, at *4.

If a certificate of good faith is required and is not filed with the complaint, the THCLA requires that the complaint must be dismissed, unless the failure was because the health care provider did not timely provide copies of the plaintiff's records, or due to other extraordinary cause. T.C.A. § 29-26-122(a). According to the statute and the Supreme Court of Tennessee, dismissal for failure to file a certificate of good faith must be with prejudice. T.C.A. § 29-26-122(c); *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 311–12 (Tenn. 2012).

## C.

The question posed by the plaintiff's Motion to Reconsider is whether Tennessee's certificate of good faith requirement applies in federal court in this FTCA case. The parties agree that the answer to that question does not depend on the substantive-versus-procedural choice-of-law analysis set forth in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, (1938). In 2010, the Supreme Court considered

whether a New York law prohibiting class actions in suits seeking penalties or statutory minimum damages "preclude[d] a federal district court sitting in diversity from entertaining a class action under Federal Rule of Civil Procedure 23." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 396 (2010) (majority opinion). The Court laid out the following analytical framework: "We must first determine whether [Federal Rule of Civil Procedure] 23 answers the question in dispute. If it does, it governs — New York's law notwithstanding — unless it exceeds statutory authorization or Congress's rulemaking power. We do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid." *Id.* at 398 (citations omitted).

> The Court concluded that
>
> Rule 23 provides a one-size-fits-all formula for deciding the class-action question. Because § 901(b) attempts to answer the same question — i.e., it states that Shady Grove's suit "may *not* be maintained as a class action" (emphasis added) because of the relief it seeks — it cannot apply in diversity suits unless Rule 23 is ultra vires.

*Id.* at 399. A plurality of the Court then found that the Federal Rules are not ultra vires, *id.* at 408 (Scalia, J., plurality opinion), a point that the United States does not contest here.

The United States correctly notes that *Shady Grove* was a diversity jurisdiction case, not an FTCA case. It extrapolates that *Shady Grove* does not apply here because the FTCA contains its own choice-of-law provision. Several courts

have, however, applied the *Shady Grove* analysis in FTCA cases.  One such case is *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019), which was decided after the entry of my August 5, 2019, Opinion and Order dismissing the plaintiff's Tennessee-based medical malpractice claim.  The plaintiff's Motion to Reconsider relies primarily on *Gallivan*, which, while not binding on this court, is certainly persuasive.[3]

In *Gallivan*, the Sixth Circuit held that an Ohio rule of procedure requiring attachment of an affidavit of merit to a complaint alleging medical malpractice did not apply in federal court because it conflicted with Federal Rules of Civil Procedure 8, 12, and 9.  *Id.* at 293-94.  The court's decision was a straightforward application of the *Shady Grove* framework.

Considering whether the Federal Rules answer the same question as the Ohio rule — "does someone need an affidavit of merit to state a claim for medical negligence?" — the court indicated that "the Federal Rules provide a clear answer: no affidavit is required to state a claim for medical negligence." *Id.* at 293.  Rather, Rule 8 simply requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a jurisdictional statement and a demand for the relief sought.  Fed. R. Civ. P. 8(a)(2).  Likewise, Federal Rule of Civil Procedure 12 does not require a claim to have evidentiary support to avoid

---

[3] To date, the Fourth Circuit has not issued any binding decisions on point.

dismissal.  Finally, Federal Rule of Civil Procedure 9(b) sets forth specific kinds of claims for which heightened pleading is required, and those enumerated types of claims do not include medical negligence claims.  After concluding that the Federal Rules answer the same question as the Ohio rule, and noting the presumed validity of the Federal Rules, the *Gallivan* court held that the district court had erred in applying Ohio's affidavit of merit requirement.  *Id.* at 294.

The *Gallivan* court found that "the government's argument that Ohio Rule 10(D)(2) is substantive under *Erie* makes no difference" under *Shady Grove*.  *Id.* at 295.  The court rejected the notion that a different analysis should apply in FTCA cases, reasoning that "it doesn't make sense for federal courts to have one system of procedural rules in diversity cases and another in FTCA cases."  *Id.*  In addition, the court addressed another argument that the United States raises in this case:

> The government also argues we shouldn't do conflict analysis because (it says) that would expose the United States to greater liability than a similarly situated private individual. If true, that would be a problem since the FTCA says the United States may be held liable only "in the same manner and to the same extent as a private individual."  28 U.S.C. § 2674.  Fortunately, the Federal Rules do nothing to change the scope of the government's *liability*.  With or without the Federal Rules, the elements for proving liability remain the same in a FTCA action because state law always supplies the rules of decision.  If the Federal Rules apply, district courts may dismiss fewer complaints as procedurally defective.  But that doesn't change the "manner" or "extent" of the government's liability.

*Id.* at 295.

I agree with the Sixth Circuit's analysis in *Gallivan* and find it applies with equal force to Tennessee's certificate of good faith requirement.  Like the Ohio rule at issue in *Gallivan*, T.C.A. § 29-26-122 imposes a pleading requirement.  It addresses what must be attached to a complaint alleging medical negligence.  In federal court, Rule 8 answers the question of what a complaint must contain, and Rule 8 does not require the attachment of a certificate of good faith.  The Tennessee statute requires dismissal with prejudice when no certificate is attached.  In federal court, Rule 12 addresses when a complaint should be dismissed, and it does not require dismissal for failure to provide evidentiary support such as an affidavit.  Rules 8 and 12 therefore answer the same questions as the Tennessee statute.  Under *Shady Grove*, Tennessee's certificate of good faith requirement cannot apply in federal court, as it is displaced by the Federal Rules of Civil Procedure.

Moreover, the Supreme Court of Tennessee has characterized the certificate of good faith requirement as a procedural requirement.  *Ellithorpe*, 479 S.W.3d at 825.[4]  As a general matter, state procedural rules do not apply in federal court.  The

---

[4] Even if the requirement were deemed to be substantive, however, that would not necessarily mean that it would apply in federal court in the way that the United States urges.  As the Seventh Circuit has noted, "to say that a state requirement is substantive is not to say when and how that requirement will be enforced.  Federal courts use their own adjudicatory procedures." *Parker v. United States*, 721 F. App'x 531, 533 (7th Cir. 2018) (unpublished).  "Evidence required as a matter of state substantive law comes after the complaint, often at the summary-judgment stage, even if in state court the complaint must supply evidence and not just make claims." *Id.*

United States argues that in FTCA cases, a federal court must apply the entire fabric of the governing state law.  But the Federal Rules of Civil Procedure govern all cases in federal court, regardless of the basis for the court's jurisdiction.  To import state procedural requirements like Tennessee's certificate of good faith scheme into FTCA cases would both supplant the Federal Rules and run afoul of *Shady Grove*. Furthermore, applying the Tennessee certificate of good faith requirement in an FTCA case but not in a medical malpractice case invoking the federal court's diversity jurisdiction would lead to confusion and incongruous results.  As the *Gallivan* court reasoned, it would make no sense to apply one set of procedural rules in an FTCA case and another set of procedural rules in a similar case against a private individual.

The United States points to numerous district and appellate court cases to support its argument that *Gallivan* was wrongly decided, but they are unconvincing. Most of the cases cited by the United States either predate *Shady Grove* or ignore it, instead applying different standards.  *See, e.g.*, *Hahn v. Walsh*, 762 F.3d 617, 631-32 (7th Cir. 2014) (concluding that state law could "exist side by side" and "coexist" with federal rule); *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3d Cir. 2011) (finding that state rule and federal rule did not "directly collide"); *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000) (asking whether there was a "direct conflict" between the state statute and the federal rules).  None of the

cited cases are binding on this court, and I do not find them persuasive in light of their failure to adequately address *Shady Grove*.

In the alternative, the United States argues that if I conclude that the plaintiff's failure to comply with T.C.A. § 29-26-122 does not warrant dismissal under Rule 12(b)(6), I should swiftly enter summary judgment instead, based on the same Tennessee statute.  In making this argument, the United States relies on *Young v. United States*, 942 F.3d 349 (7th Cir. 2019).

*Young*, also an FTCA case, largely aligns with *Gallivan*.  There the court considered the applicability of an Illinois statute requiring a medical malpractice plaintiff to file an affidavit of merit with the complaint.  Like *Gallivan*, the *Young* court held that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report" required under state law, since Federal Rule of Civil Procedure 8 "specifies what a complaint must contain" and "does not require attachments."  *Id.* at 351.  Nevertheless, the court concluded that Illinois' goal of quickly resolving unsupported medical negligence suits "can be achieved in federal court under summary-judgment practice, because Fed. R. Civ. P. 56(b) allows such a motion to be filed 'at any time.'"  *Id.*  A district court need not rule on such a motion immediately, however: "Rule 56(d) allows a district court to grant extra time to the nonmovant to gather essential evidence."  *Id.* at 351-52.  In other words, a

court can defer ruling on a motion for summary judgment until after the parties have conducted discovery.[5]

The United States has not yet moved for summary judgment on the plaintiff's Tennessee-based medical malpractice claim, and I will not enter summary judgment in its favor sua sponte. Of course, the plaintiff will ultimately be required to produce expert testimony in support of its claim in order to establish the necessary elements enumerated in T.C.A. § 29-26-115(a): the applicable standard of care, breach of the standard of care, and causation. The timeline for producing that evidence will be determined at a later date.

The question before me now is whether I erred in dismissing the plaintiff's Tennessee-based medical malpractice claim under Rule 12(b)(6) based on the

---

[5] I disagree with the *Young* court's statement that "[t]he only way to make the United States liable to the same extent as a private entity is to apply" the state certification requirement in federal court. *Id.* at 350. To the contrary, my decision that the Tennessee certificate requirement does not apply in federal court would have equal effect in a diversity jurisdiction case against a private individual as it does in this FTCA case against the United States. I concur with the *Gallivan* court's rationale that "[w]ith or without the Federal Rules, the elements for proving liability remain the same in a FTCA action because state law always supplies the rules of decision." *Gallivan*, 943 F.3d at 295. Here, the manner and extent of the government's liability will be based on the elements defined in T.C.A. § 29-26-115(a), and that would be true regardless of whether the plaintiff's claims were asserted against the United States or private individuals, in federal or state court. Holding that T.C.A. § 29-26-122 does not apply in federal court therefore does not conflict with the limited nature of the FTCA's waiver of sovereign immunity or its directive that the United States can be held liable only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

-14-

Complaint's lack of an attached certificate of good faith.  I conclude that my earlier ruling was a clear error causing manifest injustice.  For the reasons stated above, applying the controlling precedent of *Shady Grove* and the persuasive reasoning of *Gallivan*, I hold that the procedural requirements regarding a certificate of good faith as set forth in T.C.A. § 29-26-122 do not apply in federal court.  I will therefore grant the plaintiff's Motion for Reconsideration, vacate the portion of my August 5, 2019, Opinion and Order dismissing the plaintiff's Tennessee medical malpractice claim, and reinstate that claim.

### III.  MOTION TO DISMISS VIRGINIA MEDICAL MALPRACTICE CLAIM.

The Virginia Medical Malpractice Act states that a complaint in a medical malpractice action

> shall be deemed a certification that the plaintiff has obtained from an expert witness whom the plaintiff reasonably believes would qualify as an expert witness pursuant to subsection A of § 8.01-581.20 a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed.

Va. Code § 8.01-20.1.  The statute goes on to state:

> The certifying expert shall not be required to be an expert witness expected to testify at trial nor shall any defendant be entitled to discover the identity or qualifications of the certifying expert or the nature of the certifying expert's opinions. Should the certifying expert be identified as an expert expected to testify at trial, the opinions and bases therefor shall be discoverable pursuant to Rule 4:1 of the Rules of Supreme Court of Virginia with the exception of the expert's status as a certifying expert.

*Id.*  The plaintiff need not make any disclosure unless the defendant requests one.

> Upon written request of any defendant, the plaintiff shall, within 10 business days after receipt of such request, provide the defendant with a certification form that affirms that the plaintiff had obtained the necessary certifying expert opinion at the time service was requested or affirms that the plaintiff did not need to obtain a certifying expert witness opinion. . . . If the plaintiff did not obtain a necessary certifying expert opinion at the time the plaintiff requested service of process on a defendant as required under this section, the court shall impose sanctions according to the provisions of § 8.01-271.1 and may dismiss the case with prejudice.

*Id.*

On August 6, 2019, counsel for the United States emailed Mr. Andes and requested that he provide a certification that he had obtained an expert opinion at the time service was requested.  On August 19, 2019, Mr. Andes filed a declaration stating that before he requested service of process, he obtained various documents "that I believe satisfied the requirement of VA Code 8.01-20.1."  Andes Decl. ¶ 1, ECF No. 17.  The listed documents include medical handbooks containing statements about MRIs with contrast and the use of gadolinium and medical records discussing Mrs. Andes' health conditions and the effect of the contrast medium on her.  The declaration does not state that Mr. Andes obtained a written opinion of a qualifying expert in anticipation of litigation.

As an initial matter, I note that the Virginia statute gives courts discretion in fashioning sanctions and permits but does not require dismissal.  Va. Code § 8.01-

20.1 (stating that the court "may dismiss the case with prejudice" for failure to obtain a necessary certifying expert opinion at the time the plaintiff requested service of process). Even if the Virginia statute applied in federal court, it would not mandate granting the defendant's motion to dismiss.[6] Given that Mr. Andes filed this suit as a pro se litigant after the death of his wife, and that at this early stage of the proceedings, there appears to be at least some support for his theory of the case, it is unlikely that I would conclude that the balance of equities justified dismissing the Virginia medical malpractice claim with prejudice at this juncture.

I need not make that decision, however, because an application of the *Shady Grove* framework leads to the conclusion that the Virginia expert certification requirement does not apply in federal court. Unlike the Tennessee certificate statute discussed above, the Virginia statute does not impose a pleading requirement, so it does not implicate Federal Rules 8 or 12. It does not dictate what must be expressly stated in or attached to a complaint. Instead, it creates an implied certification on the part of a plaintiff filing a complaint.

In federal court, Federal Rule of Civil Procedure 11(b) sets forth the implied certifications a party makes when filing a complaint. That rule provides that

---

[6] The United States argues with little explanation that the plaintiff's failure to obtain a pre-service expert opinion somehow deprives this court of subject-matter jurisdiction. I find no merit in that assertion. Even if § 8.01-20.1 applied in federal court, its application would have no effect on the FTCA's limited waiver of sovereign immunity or the court's federal question jurisdiction in this case asserting liability under a federal statute.

> [b]y presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Virginia Code Ann. § 8.01-20.1 attempts to add another

implied certification that

> [T]he plaintiff has obtained from an expert witness whom the plaintiff reasonably believes would qualify as an expert witness pursuant to subsection A of § 8.01-581.20 a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed.

Rule 11(b) thus answers the same question as Va, Code Ann. § 8.01-20.1.  As in

*Shady Grove*, the state law would impose an additional requirement or limitation not

imposed by the federal rule.  Because there is no reasonable argument that Rule 11

is ultra vires, Rule 11 controls, and Va. Code Ann. § 8.01-20.1 does not apply in

federal court, regardless of whether it is construed as procedural or substantive.

The United States urges me to define the question answered by the Virginia statute much more narrowly in order to conclude that Rule 11(b) does not answer the same question.  In the government's formulation, the question answered by Va. Code Ann. § 8.01-20.1 is whether in a medical malpractice case, in which expert opinion testimony is required to adjudicate issues outside a fact finder's common knowledge, an expert agrees that the alleged facts, if proven, would create a meritorious claim that the health care provider violated the standard of care and caused injury.  I cannot agree that the question should be defined so specifically. Rule 11(b) creates an implied certification that the claims asserted in a complaint are supported by fact and law and that they are not asserted for an improper purpose. That is essentially the same purpose served by Va. Code Ann. § 8.01-20.1, although the Virginia statute is targeted specifically at medical malpractice claims.

The United States cites a number of district court decisions dismissing plaintiffs' claims based on Va. Code Ann. § 8.01-20.1.  District court decisions are not binding precedent, of course.   More importantly, the cited cases are not persuasive because they did not apply *Shady Grove* or engage in any conflict analysis.  The United States also cites several unpublished Fourth Circuit decisions. *Lancaster v. USP Hazelton*, 742 F. App'x. 724, 727 (4th Cir. 2018) (per curiam) (unpublished); *Grooms v. Hunter Holmes McGuire Veterans Admin. Med. Ctr.*, 656 F. App'x 27 (4th Cir. 2016) (per curiam) (unpublished); *Littlepaige v. United States*,

528 F. App'x 289 (4th Cir. 2013) (unpublished).  These non-precedential decisions are equally unpersuasive for the same reason.

Because I find that Rule 11 answers the same question as Va. Code Ann. § 8.01-20.1 and further find that Rule 11 is not invalid, I hold that Va. Code Ann. § 8.01-20.1 does not apply in federal court and cannot serve as a basis for dismissing the plaintiff's Virginia-based medical malpractice claim pursuant to Rule 12.  I will therefore deny the defendant's motion to dismiss that claim.

## IV.  MOTION TO DISMISS BATTERY CLAIMS.

The United States has also moved to dismiss the plaintiff's battery claims for failure to state claims upon which relief can be granted.  It attached portions of Mrs. Andes' medical records to its motion to dismiss, and it suggests that I could convert the motion into a motion for summary judgment if I wish to consider those records. The plaintiff has responded by requesting discovery before the court rules on summary judgment.  Plaintiff's counsel has filed an affidavit pursuant to Rule 56(d) declaring that no discovery has been conducted, no answer has been filed, and the facts necessary to the plaintiff's opposition can be obtained only through discovery. The defendant does not object to discovery "on the narrow issue of whether Dr. Burke understood Ms. Andes consented to her referral for an MRI with contrast." Def.'s Reply to Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 1, ECF No. 38.

Under Virginia law, "the physician-patient relationship is a consensual one." *Washburn v. Klara*, 561 S.E.2d 682, 685 (Va. 2002). "Thus, unless an emergency or unanticipated problem arises, a physician or surgeon must first obtain the consent of a patient before treating or operating on that patient." *Id.* "[A]n operation without consent or the extension of an operation beyond the scope of the patient's consent constitutes what is sometimes referred to as a technical assault and battery." *Id.* (internal quotation marks and citation omitted). A plaintiff establishes a technical battery where:

> (1) the patient placed terms or conditions on consent for a particular procedure, and the doctor ignored those terms or conditions; (2) the physician intentionally performed an additional procedure beyond the procedure the patient consented to; or (3) the physician intentionally performed a different procedure or one that differs significantly in scope from the procedure for which the patient provided consent.

*Mayr v. Osborne*, 795 S.E.2d 731, 735 (Va. 2017). Battery is an intentional tort; a provider's mere negligence is insufficient to state a claim for technical battery. *See id.* at 736.

Likewise, in Tennessee, "[p]erformance of an unauthorized procedure constitutes a medical battery." *Shuler v. Garrett*, 743 F.3d 170, 172 (6th Cir. 2014) (internal quotation marks and citation omitted). It is an intentional tort and is distinct from a doctor's failure to obtained informed consent. *Id.* An injection of medication is a procedure and a species of physical touching sufficient to support a medical battery claim. *Id.* at 175.

Neither Virginia nor Tennessee subject medical or technical battery claims to the expert certification requirements for medical malpractice claims. The key issue involved in a battery claim is not standard of care or causation, but consent.

The United States argues that the plaintiff's allegations do not support a battery claim for the following reasons:

1. Lillian Burke, M.D., who ordered the MRI with contrast, did not actually administer the gadolinium;

2. Mrs. Andes elected to pursue the MRIs that Dr. Burke ordered, so she therefore consented to an MRI with contrast, as Dr. Burke prescribed;

3. The Virginia Supreme Court cases addressing technical battery have dealt only with the surgery context and do not encompass MRIs, where the patient is awake during the procedure;

4. Mrs. Andes completed a pre-MRI screening form in which she answered that she had kidney problems and was allergic to contrast media, so she must have understood that she was going to be having an MRI with contrast and willingly submitted to it;

5. Because she was awake and alert when the contrast medium was administered intravenously, she must have understood that she was getting an MRI with contrast, and the plaintiff does not allege that she voiced any objection at that time; and

6. While Mr. Andes objected to an MRI with contrast, it is possible that Mrs. Andes did not share his view.

Most of these arguments do not view the allegations in the light most favorable to the plaintiff, as required when considering a motion to dismiss under Rule 12(b)(6).  The plaintiff has alleged that Mrs. Andes did not consent to an MRI with contrast, and there is no allegation that would indicate that she later changed her mind.  The issue of Mrs. Andes' consent to receive gadolinium is a question of fact on which there is likely to be conflicting evidence and on which discovery is entirely appropriate.

Federal Rule of Civil Procedure 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The United States has attached to its motion to dismiss evidence outside the Complaint and has framed its motion as one for summary judgment in the alternative.  In accord with Rule 56(d), I will deny the motion at this time, without prejudice, to allow the parties to engage in discovery.  In the interest of judicial efficiency, I will not limit discovery as the United States requests but will instead defer ruling on any motion regarding the plaintiff's battery claims until the parties

have had the opportunity to conduct full discovery on all issues relevant to the claims in the case.

## V.

For the foregoing reasons, it is **ORDERED** as follows:

1.    Plaintiff's Motion for Reconsideration of the Court's August 5, 2019 Order Because of Subsequent Contrary Appellate Authority that Follows Controlling U.S. Supreme Court Precedent, ECF No. 28, is GRANTED;

2.    The portion of the Opinion and Order dated August 5, 2019, ECF No. 14, that addresses the plaintiff's Tennessee medical malpractice claim is VACATED;

3.    The other portions of ECF No. 14 remain in effect;

4.    The plaintiff's Tennessee medical malpractice claim is REINSTATED;

5.    Plaintiff's Motion to Strike or Disregard the Part of Defendant's Reply Brief Asserting a Ground for Dismissal of Virginia Medical Malpractice Claim Not Asserted in the Motion or Supporting Brief, ECF No. 41, is DENIED;

6.    The United States' Motion to Dismiss Medical Malpractice Claim Based on Dr. Burke's Alleged Conduct Occurring in Virginia, ECF No. 42, is DENIED;

7.    The United States' Motion to Dismiss or in the Alternative for Summary Judgment, ECF No. 24, is DENIED; and

8.     The party plaintiff is AMENDED to be "Roy L. Andes, Administrator of the Estate of Marianne McKay Andes, Deceased," and the Clerk shall correct the docket to so reflect.

ENTER:  July 10, 2020

/s/ *JAMES P. JONES*

United States District Judge