IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **Roy Andes, Executor Of The** | ) |
| **Estate Of Marianne Andes** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-00005 |
| | ) |
| **United States Of America** | ) |
| | ) |
| Defendant. | |

# Plaintiff's Brief In Support Of The Joint Petition For Approval Of Compromise Settlement

**1. By virtue of his appointment as the personal representative of the estate of Marianne Andes, Mr. Andes had the power to agree to the settlement of the claim that is the subject of this lawsuit, subject to the approval of the Court**

On August 22, 2019, Mr. Andes was appointed the administrator of the estate of Marianne Andes, his wife. The claim that is the subject of this action is the wrongful death of Ms. Andes. Therefore, Mr. Andes, in his role of administrator, had the authority to settle the wrongful death claim against the defendant, the Government, subject to the approval of the Court. *See* Va. Code Ann. 8.01-55 ("The personal representative of the deceased may compromise any claim to damages arising under or by virtue of § 8.01-50 . . . before or after an action is brought, with the approval of the court in which the action was brought").

**2. This Court has the authority to approve the tentative settlement that was reached by the parties.**

"Such approval [of the tentative settlement] may be applied for on petition to such court . . . by any potential defendant." *Id.* The petition shall state the compromise, its terms and the reason therefor." The parties have requested that the Court approve the settlement. "The court shall require the convening of the parties in interest in person or by their authorized representative . . . The parties in interest

shall be deemed to be convened if each such party (i) endorses the order by which the court approves the compromise or (ii) is given notice of the hearing and proposed compromise as provided in § 8.01-296 if a resident of the Commonwealth or as provided in § 8.01-320 if a nonresident, or is otherwise given reasonable notice of the hearing and proposed compromise as may be required by the court." *Id.* All five beneficiaries, as shown below, will be convened at the scheduled hearing.

3. **Because the parties in interest do not agree on the distribution of the settlement proceeds, if the Court approves the compromise, it will need to receive evidence and render a decision as to the proper distribution of the net proceeds among the five statutory beneficiaries.**

The statutory beneficiaries that are eligible for a distribution are 1) the surviving spouse, Roy Andes, and 2) the decedent's four children, all of whom are still alive. *See* Va. Code Ann. § 8.01-53 (surviving spouse and children of decedent are the potential beneficiaries). These beneficiaries do not agree on how the proceeds of a settlement should be distributed among them. Accordingly, if this Court approves the compromise, the Court will then need to hear evidence and render a decision as to the proper distribution among the statutory beneficiaries pursuant to the criteria set forth in Virginia Code § 8.01-52. *See* Va. Code Ann. § 8.01-55 ("If the court approves the compromise, and the parties in interest do not agree upon the distribution to be made of what has been or may be received by the personal representative under such compromise . . . , the court shall direct such distribution as a jury might direct under § 8.01-52 as to damages awarded by them. In other respects, what is received by the personal representative under the compromise shall be treated as if recovered by him in an action under § 8.01-52.").

4. **The Court shall award attorney fees and costs. The contractual contingency fee of 25% complies with the limitation set forth in 28 U.S.C. § 2678, is fair and reasonable and should therefore be approved by the Court.**

Mr. Andes engaged The Law Offices of Mark T. Hurt to prosecute this action. They entered into a written contract that provided that Mark Hurt would receive as his attorney fee 25% of the proceeds of any settlement or judgment. This agreement complies with the statutory cap of 25% for FTCA cases. *See* 28 U.S.C. § 2678. As the gross proceeds of the tentative settlement are $220,000, the contractual fee is $55,000.

The Court is to award reasonable attorney fees to be paid out of the settlement proceeds. Virginia Code § 8.01-54(C)("The amount recovered in any such action shall be paid to the personal representative who shall first pay the costs and reasonable attorney's fees."). As the Court's docket reveals, Mr. Hurt was required to perform extensive research and briefing over several months to defeat the Government's attempt to dismiss the claim on several different issues. He also had to perform extensive research on the science and medicine of the issues involved in this case, and to locate and hire three different experts, advancing their fees on behalf of the client. And he had to prepare for trial. Accordingly, the 25% contractual contingency fee of $55,000 is reasonable. *See, e.g., Chickaway v. United States,* 990 F. Supp.2d 650, 675 (S.D. Miss. 2013)(awarded 25% fee).

## Conclusion

Based on the following, plaintiff requests that the Court grant the Petition and the relief sought therein.

Respectfully Submitted,

 /s/ Mark T. Hurt            
Mark T. Hurt (VSB No. 36380)
THE LAW OFFICES OF MARK T. HURT
159 West Main Street
Abingdon, VA 24210
276-623-0808 - Telephone
276-623-0212 - Facsimile
mail@markhurtlawfirm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022, the foregoing document was filed with the Clerk of Court via the CM/ECF system.

 /s/ Mark T. Hurt        
Mark T. Hurt